UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN F. BRENNAN,

       Plaintiff,                            Civil Action No.
                                                        06-CV-11660-DT

vs.

                                                        HON. BERNARD A. FRIEDMAN

CHELI & LYSHAK, P.L.C.,

       Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

       This matter is presently before the court on defendants' motion to dismiss or for summary judgment. Plaintiff has not responded, and the time for him to do so has expired.[1] Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument. The hearing scheduled for September 20, 2006, is therefore canceled.

       Plaintiff was employed by defendant from 1995 until July 31, 2003. Plaintiff alleges that after July 31, 2003, defendant failed to make certain payments, either directly to him or on his behalf, for various items including fees, a car allowance, and employee benefit plan contributions. The two claims which provide the basis for this court's exercise of subject matter jurisdiction are brought under the Employee Retirement Income Security Act of 1974 (ERISA). Count I asserts a claim under 29 U.S.C. § 1132(a)(1)(B) for the allegedly delinquent contributions, and II asserts a

---

[1] Pursuant to E.D. Mich. LR 7.1(d)(1)(B), plaintiff's response was due within 21 days after service of the motion. The motion was filed on July 19, 2006, and service was complete on that date. *See* Fed. R. Civ. P. 5(b)(2)(D). Since three days are added to this period pursuant to Fed. R. Civ. P. 6(e), plaintiff's response was due by August 14, 2006. As of the date of this opinion, plaintiff has neither responded nor sought additional time to do so.

claim under 29 U.S.C. § 1132(a)(3) for breach of fiduciary duty. The remaining claims (accounting, breach of contract, and for dissolution) are brought under state law. There is no diversity of citizenship.

Defendant seeks dismissal of the complaint on the grounds that plaintiff failed to exhaust his administrative remedies prior to bringing suit. Alternatively, defendant seeks summary judgment on the grounds that plaintiff is not entitled to contributions for the year 2003 because he was not employed on the last day of that year as required by the terms of the plan.

Procedurally, defendant is correct that the exhaustion of administrative remedies is a mandatory prerequisite to filing suit under ERISA. *See Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 90 (6th Cir. 1997); *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). While exhaustion is not required if doing so would be futile, it is plaintiff's burden to make this showing by demonstrating that "it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Hill v. Blue Cross and Blue Shield of Mich.*, 409 F.3d 710, 719 (6th Cir. 2005). Since plaintiff has neither alleged that he has exhausted his administrative remedies nor shown that the exhaustion requirement should be excused on grounds of futility, defendant is entitled to dismissal of the complaint on these grounds. The dismissal will be without prejudice to preserve plaintiff's right to re-file after exhausting his administrative remedies. Under these circumstances, the court need not consider defendant's alternative argument on the merits.[2]

---

[2] However, the court notes that defendant makes a convincing argument, based on provisions of Article 16 of the KDP Retirement Plan (defendant's Exhibit 2), regarding plaintiff's non-eligibility for contributions for 2003. While the court need not comment further on this issue at this time, the court does admonish plaintiff to study these plan provisions before recommencing suit after exhausting his administrative remedies, if he elects to do so.

As noted above, plaintiff's remaining claims are based on state law. The court shall dismiss these claims for lack of subject matter jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997).

Accordingly,

IT IS ORDERED that defendant's motion to dismiss plaintiff's ERISA claims (Counts I and II) for plaintiff's failure to exhaust administrative remedies is granted. The dismissal is without prejudice.

IT IS FURTHER ORDERED that plaintiff's remaining claims (Counts III, IV and V) are dismissed for lack of subject matter jurisdiction. The dismissal is without prejudice.

IT IS FURTHER ORDERED that defendant's alternative motion for summary judgment is denied.

      _____s/Bernard A. Friedman_____
      BERNARD A. FRIEDMAN
      CHIEF UNITED STATES DISTRICT JUDGE

Dated:  September  14, 2006
       Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.

_____**/s/ Patricia Foster Hommel**_____
      **Patricia Foster Hommel**
      **Secretary to Chief Judge Friedman**