UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN F. BRENNAN,

      Plaintiff,

vs.

CHELI & LYSHAK, P.L.C.,

      Defendant.
_____/

Civil Action No.
06-CV-11660-DT

HON. BERNARD A. FRIEDMAN

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is presently before the court on plaintiff's motion for reconsideration of the court's September 14, 2006, opinion and order granting defendant's motion to dismiss or for summary judgment. Pursuant to E.D. Mich. LR 7.1(g)(2), the court shall decide this motion without oral argument.

The court's opinion erroneously stated that plaintiff failed to respond to defendant's motion. When the opinion was drafted, on approximately August 25, 2006, this statement was correct. Plaintiff's response was due by August 14, 2006, and by August 25, 2006, no response had been filed. Plaintiff finally did file a response on August 31, 2006, 17 days after the deadline and nearly one week after the opinion had been drafted. The court would have acknowledged and considered plaintiff's response had the court been aware of it.

Having considered the arguments presented in plaintiff's response brief and in his motion for reconsideration, the court remains persuaded that dismissal of the complaint was appropriate due to plaintiff's failure to exhaust his administrative remedies prior to commencing suit. As the court indicated at page 2 of its opinion,

> Procedurally, defendant is correct that the exhaustion of

> administrative remedies is a mandatory prerequisite to filing suit under ERISA. *See Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 90 (6th Cir. 1997); *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). While exhaustion is not required if doing so would be futile, it is plaintiff's burden to make this showing by demonstrating that "it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Hill v. Blue Cross and Blue Shield of Mich.*, 409 F.3d 710, 719 (6th Cir. 2005). Since plaintiff has neither alleged that he has exhausted his administrative remedies nor shown that the exhaustion requirement should be excused on grounds of futility, defendant is entitled to dismissal of the complaint on these grounds.

In his response brief and in his motion for reconsideration, plaintiff argues that the exhaustion requirement either does not apply to his ERISA claims or that his failure to exhaust should be excused on grounds of futility. Both of these arguments are unavailing.

While plaintiff appears to acknowledge that exhaustion is required in cases where benefits are sought, he attempts to distinguish this instant case on the grounds that he

> is not claiming a right to collect benefits that he requested, but the administrator denied, under the plan. Rather, Plaintiff requests relief pursuant to ERISA because the plan employer, Defendant C&L, a fiduciary, failed to make a contribution on Plaintiff's behalf pursuant to the express terms of the plan. Because Plaintiff seeks <u>contribution</u> to a 401(k) plan by a fiduciary-employer, not benefits withheld by a plan administrator (as in Defendant's cases relating to both retirement and health care plans), the requirement to exhaust administrative remedies is either inapplicable, or should be considered futile as the allocation of the contribution into the Plan is what has been denied.

Plaintiff's Response, p. 5 (emphasis in original).

Despite plaintiff's characterization of his claim as one seeking employer contributions, as opposed to pension benefits, the fact remains that plaintiff's entitlement, if any, to the payments in question is governed by the terms of the plan. The complaint itself confirms this, as Count I of the complaint is brought under 29 U.S.C. § 1132(a)(1)(B), which authorizes a plan

participant or beneficiary to bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Count II of the complaint is brought under 29 U.S.C. § 1132(a)(3), which authorizes a plan participant, beneficiary or fiduciary to bring suit "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."  The essence of both claims is that defendant violated the plan by failing to make pension contributions on plaintiff's behalf for 2003.

Count I is clearly subject to the exhaustion requirement.  *See, e.g., Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004); *Weiner*, 108 F.3d at 90.  And although Count II includes an allegation that defendant breached its fiduciary duty, this count is nothing more than a "repackaged" claim for benefits, and it is therefore likewise subject to the exhaustion requirement.  *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615-16 (6th Cir. 1998).

Therefore, plaintiff was required to exhaust his administrative remedies prior to commencing suit unless he demonstrates that doing so would have been futile.  The Sixth Circuit has adopted a strict standard for demonstrating futility:

> Failure to exhaust administrative remedies is excused "where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." *Fallick*, 162 F.3d at 419. "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." *Id.* A plaintiff must show that "it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Id.* (*quoting Lindemann v.*

*Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir.1996)).
*Coomer*, 370 F.3d at 505.

Plaintiff has not shown that "it is certain that his claim will be denied on appeal." While it is true that the plan administrator has submitted an affidavit stating that the plan was "top heavy" in 2003 and that a participant must have been employed on the last day of 2003 (which plaintiff was not) in order to receive a share of a 2003 contribution, the fact remains that the plan administrator never had the opportunity to consider plaintiff's particular circumstances, or his arguments as to why he may be entitled to some level of contributions for 2003. The court will not assume that the plan administrator would have denied a properly presented claim, or that she could not have been persuaded to adopt plaintiff's interpretation of the plan language regarding contributions in top-heavy years. One of the purposes of the exhaustion requirement is to provide plan administrators an opportunity to correct errors before resources are expended in defending lawsuits.[1] And even when no error has occurred, the exhaustion requirement assists in creating a

---

[1] As the court noted in *Constantino v. TRW, Inc.*, 13 F.3d 969, 975 (6th Cir. 1994), the exhaustion requirement serves at least eight purposes:

> (1) To help reduce the number of frivolous law-suits under ERISA.
> (2) To promote the consistent treatment of claims for benefits.
> (3) To provide a nonadversarial method of claims settlement.
> (4) To minimize the costs of claims settlement for all concerned.
> (5) To enhance the ability of trustees of benefit plans to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes.
> (6) To enhance the ability of trustees of benefit plans to correct their errors.
> (7) To enhance the ability of trustees of benefit plans to interpret plan provisions.
> (8) To help assemble a factual record which will assist a court in reviewing the fiduciaries' actions.

factual record for subsequent court review.  Plaintiff has not shown that presenting his claim to the plan administrator in the first instance would be futile.

Nor is the court persuaded that the administrator lacks authority to provide the relief plaintiff seeks.  As defendant notes, the summary plan description states:

> [I]f you think an error has been made in determining your benefits, then you or your beneficiaries may make a request for any Plan benefits to which you believe you are entitled.  Any such request should be in writing and should be made to the Administrator.

Defendant's Exhibit 6, p. 20.  Even assuming the plan administrator cannot compel the employer to make additional contributions on an employee's behalf, the court will not assume that the employer would disregard a request by the administrator to do so, if indeed the administrator accepts plaintiff's argument that such contributions are owed.

In short, the court remains convinced that plaintiff's ERISA claims must be dismissed due to plaintiff's failure to exhaust his administrative remedies, and that his state law claims must be dismissed for lack of subject matter jurisdiction.  As the court indicated previously, the dismissal is without prejudice to plaintiff's right to refile after he has exhausted his administrative remedies under the plan.  Accordingly,

IT IS ORDERED that plaintiff's motion for reconsideration is denied.


                                                            s/Bernard A. Friedman
Dated: October 20, 2006                     BERNARD A. FRIEDMAN
   Detroit, Michigan                              CHIEF UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.

       /s/ Patricia Foster Hommel
          Patricia Foster Hommel
      Secretary to Chief Judge Friedman

5